**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4237**

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

ROBERT GLENN FORD,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, Senior District Judge. (2:10-cr-00083-JBF-FBS-1)

Submitted: March 27, 2012　　　　Decided: April 3, 2012

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Mallory Kent, THE LAW OFFICE OF WILLIAM MALLORY KENT, Jacksonville, Florida, for Appellant. Neil H. MacBride, United States Attorney, Alan M. Salsbury, Melissa E. O'Boyle, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Glenn Ford appeals his convictions for conspiracy to commit extortion under color of official right and extortion under color of official right, in violation of 18 U.S.C. § 1951 (2006), and making false statements, in violation of 18 U.S.C. § 1001(a)(2) (2006). Ford argues that the district court committed reversible error in permitting the Government to introduce evidence of prior acts pursuant to Fed. R. Evid. 404(b). We affirm.

We review a district court's evidentiary rulings for abuse of discretion and will reverse only if the court "acted arbitrarily or irrationally in admitting evidence." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted). Under this court's long-standing precedent, evidence is admissible under Rule 404(b) when it is relevant to an issue other than the defendant's general character, necessary, and reliable, and when the probative value of the evidence is not substantially outweighed by unfair prejudice. United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

"A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997). On appeal, Ford

does not fairly challenge the reliability or prejudicial effect of the disputed evidence. Rather, he argues that the district court relied on a legal fiction in concluding that his intent was at issue in his trial. However, as the district court correctly predicted, the defense's cross-examination, as well as Ford's own testimony, placed his intent at issue by providing an innocent explanation for his assistance and interaction with the criminal defendants whom he is accused of extorting. Thus, we conclude that the challenged testimony was both relevant and necessary to establish Ford's knowing and voluntary participation in the charged conspiracy.[*] See Queen, 132 F.3d at 996-97; Sanchez, 118 F.3d at 196; see also United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008) (elements of conspiracy).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

---

[*] To the extent Ford asks this court to replace our prior precedent with a categorical rule prohibiting the use of Rule 404(b) evidence to prove general intent, we decline his invitation. See United States v. Bullard, 645 F.3d 237, 246 (4th Cir.) ("[A] panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (internal quotation marks omitted)), cert. denied, 132 S. Ct. 356 (2011).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED